NOT DESIGNATED FOR PUBLICATION

No. 121,819

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMI COLLEENDEVA INGRAM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed July 17, 2020. Reversed and remanded with directions.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., STANDRIDGE and POWELL, JJ.

PER CURIAM: Jami Colleendeva Ingram appeals the district court's revocation of her probation. We granted Ingram's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). Because the district court revoked Ingram's probation without first imposing required intermediate sanctions, we reverse and remand to the district court.

FACTUAL AND PROCEDURAL HISTORY

In March 2018, Ingram pled guilty to possession of methamphetamine, a level 5 drug felony, no proof of liability insurance, and circumvention of an ignition interlock

1

device. In September 2018, the district court granted Ingram probation with an underlying controlling sentence of 21 months' imprisonment.

Just a couple of months later, the State moved to revoke Ingram's probation, alleging that she failed to report as directed. Ingram ultimately stipulated to violating probation. The district court imposed a 12-day sanction on Ingram and extended her probation.

The State filed another motion to revoke probation in May 2019, alleging that Ingram failed to report and failed to comply with all programs as directed. Again Ingram stipulated to violating her probation. The district court revoked Ingram's probation. The court modified Ingram's underlying sentence, ordering that all sentences be served concurrently for a controlling term of 15 months imprisonment. The court ordered Ingram to serve her underlying sentence.

On appeal, Ingram argues the district court abused its discretion by revoking her probation and ordering her to serve her underlying sentence.

ANALYSIS

Appellate courts review a district court's decision whether to revoke probation for an abuse of discretion. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Ingram bears the burden of showing an abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

At the time Ingram committed her crimes of conviction, K.S.A. 22-3716 required the district court to impose intermediate sanctions on a probationer who violated the

terms of his or her probation. See K.S.A. 2017 Supp. 22-3716(c)(1)(A)-(E). Under this version of the statute, the district court would be required to impose intermediate sanctions—including a 120- or 180-day sanction—before the court could order Ingram to serve the remainder of her underlying sentence. While certain exceptions could apply, the district court in this case did not rely on any of those exceptions when it revoked Ingram's probation. If this version of the statute applied, the district court was required to impose a 120- or 180-day sanction or rely on one of the listed exceptions to revoke her probation and order her to serve her underlying sentence.

However, the Legislature amended K.S.A. 22-3716 in 2019. L. 2019, ch. 59, § 10. The amended statute eliminated the 120- and 180-day sanctions. K.S.A. 2019 Supp. 22-3716(c)(1). Under the amended statute, the district court could revoke a probationer's probation and impose the underlying sentence if the probationer has served a two- or three-day sanction. K.S.A. 2019 Supp. 22-3716(c)(1)(C). Ingram had already served a three-day sanction, so if the 2019 version of the statute applied the district court was free to revoke her probation and order her to serve her underlying sentence.

The question is, which version of K.S.A. 22-3716 applies?

Recently, the Kansas Supreme Court addressed what version of K.S.A. 22-3716 controls in probation revocation hearings. In *State v. Coleman*, 311 Kan. ___, 460 P.3d 828, 832 (2020), the court held that a 2017 amendment to K.S.A. 22-3716 applied prospectively and could not be applied retrospectively on probationers who committed their crimes before the amendment took effect. The court reasoned that the statute did not contain clear language of retroactivity and could not operate retrospectively.

This court applied *Coleman* to hold that the 2019 amendment eliminating the 120- and 180-day prison sanctions apply prospectively and cannot be applied to a probationer who committed his or her crime prior to when the 2019 amendment took effect.

3

Accordingly, this court held a probationer, who committed his crimes in 2017, was required to be sanctioned under the version of K.S.A. 22-3716 in effect at the time he committed his crimes. *State v. Ratliff*, No. 121,800, 2020 WL 2097488, at *2 (Kan. App. 2020) (unpublished opinion).

The reasoning in *Ratliff* is persuasive. Because Ingram committed her offense in March 2018, the law in effect in March 2018 applies. Under that version of the statute, the district court had to impose a 120- or 180-day prison sanction before revoking Ingram's probation and imposing the underlying sentence. The district court did not do so, which is an error of law. The district court's legal error constitutes an abuse of discretion requiring us to reverse its revocation and remand for a new revocation hearing that applies the law in effect when Ingram committed her crime in March 2018.

Reversed and remanded with directions.